IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL E. CHILDS** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 25-5189** |
| | : | |
| **BLOOMINGDALES/CITIBANK,** *et al.* | : | |

**McHUGH, J.**                                                    **January 26, 2026**

### MEMORANDUM

This is a *pro se* action brought against a series of banks by Michael Childs, a consumer whose grievance appears to be that certain debts were charged off by creditors, but he never received a form 1099-C pursuant to the Internal Revenue Code, a form that in his view would enable him to verify that certain debts were no longer owed. All the represented defendants have moved to dismiss.[1] Their motions uniformly express confusion about the scope of Plaintiff's complaint, so I begin by setting forth the Court's understanding.

The complaint refers to both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, but explicitly does so "pursuant to Tax Implications 1099-C." Compl. at 2, ECF 1. This is significant because in the form this Court makes available to *pro se* litigants, there is a section entitled "Facts" where the litigant is asked "what happened to you?" In that portion of the complaint, the only factual allegation against the Defendants is their "failure to provide Tax 1099-C after charge-off." *Id.* at 5. There are no factual allegations that purport to state any claim under the FDCPA or the FCRA. Rather, Plaintiff returns to subjects covered by those statutes where the

---

[1] The complaint also names "Card Services," an entity with no physical address, and not otherwise described in the complaint, which is logically understood as a subcontractor processing transactions for banks that issue credit cards. It is not clear if it has been properly served, and no appearance has been entered on its behalf.

Court's form requests an explanation of the injuries alleged, which Mr. Childs then describes as "[h]arassment by debt collectors – 'FDCPA'" and "[c]redit denial, errors of reports." *Id.*

Defendants' motions argue that they do not qualify as debt collectors or credit reporting agencies under the two statutes cited. I agree, but do not construe the complaint as alleging direct liability under either statute. Rather, Plaintiff complains of unlawful conduct by others under those statutes caused by the Defendants' failure to provide him with Form 1099-C, and he seeks to invoke the remedies provided by those statutes as the proper measure of damages here.

Plaintiff's case is fatally defective in two respects. First, although the Internal Revenue Code requires financial entities to report discharges and cancellations of indebtedness by submitting a form 1099-C to the IRS in certain instances, and by providing a copy to the debtor, 26 U.S.C. § 6050P, it does not create a private right of action. *Gardner v. Credit Corp. Sols., Inc.*, No. 24-296, 2024 WL 4820229, at *5 (N.D. Tex. Oct. 30, 2024); *Switzer v. Franklin Inv. Corp.*, No. 22-208, 2023 WL 2307410 (W.D. Pa. Feb. 28, 2023), adopting report and recommendation, *Switzer v. Franklin Inv. Corp.*, No. 22-208, 2023 WL 2313482 (W.D. Pa. Jan. 31, 2023); *CPI Amherst SFR v. Alexander*, No. 22-326, 2023 WL 2620913, at *5 (E.D.N.C. Feb. 27, 2023). Accepting Plaintiff's allegations as true, he does not state a claim for relief.

Separately, even if a cause of action existed, there is no authority for the proposition that Plaintiff could then invoke remedies provided by wholly separate federal statutes—particularly when there is no apparent basis for applying those statutes to the parties sued here.

The pending motions to dismiss will be granted, and dismissal is with prejudice as amendment would be futile.  *See Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025).  An appropriate order follows.


       /s/ Gerald Austin McHugh
United States District Judge